IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Petitioner, | * |
| v. | CRIMINAL NO.: WDQ-02-0220 |
| WARREN GRACE, | * |
| Defendant. | * |

MEMORANDUM OPINION

Warren Grace pled guilty to drug distribution and firearm possession charges. Pending is Grace's motion to dismiss petition on supervised release. ECF No. 38. No hearing is necessary. Local Rule 105.6 (D. Md. 2012). For the following reasons, Grace's motion to dismiss will be denied.

I. Background[1]

On May 31, 2002, Grace pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). See ECF No. 39 at 3. On August 30, 2007, Grace was sentenced to a three-year term of imprisonment, with credit for time served.

---

[1] The facts are taken from Grace's motion, the government's opposition, and their attached exhibits. ECF Nos. 38-39. They are not in dispute, except as to the expiration date of Grace's term of supervised release.

*See id.*; ECF No. 38-1 at 1. The same day, he began a three-year term of supervised release. *Id.*

On March 11, 2010, five months before his term of supervised release expired, Grace was arrested in Baltimore. ECF Nos. 38-1 at 2, 38-2. He was charged with 16 counts of drug distribution and possession. ECF No. 38-2. On March 24, 2010, Grace was indicted on the drug charges in the Circuit Court for Baltimore City. ECF No. 38-1 at 2. On April 13, 2010, the United States Probation Office filed a Petition on Supervised Release, asserting that the state charges, and Grace's possession of cocaine when arrested, violated his conditions of supervised release. *See* ECF No. 38-2. On April 14, 2010, an arrest warrant was issued. ECF No. 38-3. On April 19, 2010, Grace pled guilty to the state charges and was sentenced to a four-year term of imprisonment, of which he served three years and seven months. ECF No. 38-1 at 2-3. On October 30, 2013, he was released from state prison into federal custody on a detainer.[2] *Id.* at 3.

On November 13, 2013, the Court held a hearing on the Petition on Supervised Release to determine if Grace's supervised release would be revoked. ECF No. 37. Grace,

---

[2] Grace alleges that the detainer prevented his participation in certain work programming in state prison, which would have further reduced his time served. *See* ECF No. 38-1 at 3.

2

through his appointed counsel Gary Christopher, Esquire,[3] orally moved to dismiss the petition. *Id.* On November 14, 2013, pursuant to a briefing schedule set at the hearing, Grace, through counsel, filed a written motion to dismiss the petition. *Id.*; ECF No. 38. On November 21, 2013, the government opposed the motion. ECF No. 39.

II. Analysis

Grace asserts that the government unreasonably delayed the revocation hearing, because three years passed "between the issuance of the violation warrant and the defendant's arrest on the warrant after the supervision period had expired." ECF No. 38-1 at 4. Grace argues that 18 U.S.C. § 3583(i)[4] provides that, after expiration of supervised release, a court may only delay in revoking supervised release for a period "reasonably necessary" to adjudicate the petition. *Id.* at 4-5. He contends

---

[3] *See* ECF No. 32 (order appointing counsel); ECF No. 36.

[4] Section 3583(i) provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Grace concedes that the arrest warrant was issued before the expiration of his supervised release term. ECF No. 38-1 at 4.

3

that his supervised release term expired on August 30, 2010, and the three year and three month delay between the expiration and the hearing was not "reasonably necessary." *Id.* at 2, 4. Accordingly, he argues, the Court lacks jurisdiction to revoke his supervised release. *Id.* at 4.

The government contends that Grace's supervised release was tolled during his state imprisonment, under 18 U.S.C. § 3624(e). ECF No. 39 at 4-5. Thus, Grace's supervised release does not expire until five months after his release from state custody--early April 2014--and § 3583(i) is inapposite. *See id.*

Section 3624(e) provides:

> The term of supervised release commences on the day the person is released from imprisonment . . . . A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

The Fourth Circuit has noted that § 3624(e) operates as a tolling provision, suspending the supervised release period until after the defendant's release from imprisonment. *United States v. Buchanan*, 638 F.3d 448, 457 (4th Cir. 2011); *see also United States v. Contreras-Arevalo*, 150 F. App'x 350, 351-52 (5th Cir. 2005) (holding that a period of incarceration during a supervised release term automatically tolls the supervised release period until the defendant is released from custody). Thus, Grace's supervised release period does not expire until he

has served the full five-year term of supervised release, excluding the three years and seven months he spent in state prison. *See United States v. Ide*, 624 F.3d 666, 668 (4th Cir. 2010) (affirming district court decision that time spent in pre-trial detention for a crime for which the defendant was later convicted tolled the original supervised release period so that it did not expire until after the defendant's release from prison); *Contreras-Arevalo*, 150 F. App'x at 352-53.

Because Grace's supervised release was tolled during his incarceration, it does not expire until five months after his release from state prison on October 30, 2013.[5] Section 3581(i), which extends the Court's power to revoke a term of supervised release to a period "beyond the expiration of the term of supervised release," does not apply to revocation that occurs *before* supervised release has expired. *See United States v. Ahmadzai*, 723 F.3d 1089, 1092 (9th Cir. 2013) (holding that the language "the term of supervised release" in § 3583(i) "must be understood not as the originally imposed term before tolling, but as the total term after it has been automatically tolled"); *United States v. Manning*, 317 F. App'x 517, 520-21 (6th Cir. 2009) (holding that, depending on the length of defendant's imprisonment tolling supervised release, the district court had

---

[5] Both parties agree that Grace had about 5 months remaining on his supervised release term when he was imprisoned. ECF No. 38-1 at 2, 39 at 4.

revocation jurisdiction because the supervised release either had not expired or because § 3583(i) authorized jurisdiction for a period reasonably necessary to adjudicate the revocation after expiration).[6] Accordingly, the Court retains jurisdiction to hear the petition on supervised release.[7] Grace's motion to dismiss will be denied.

---

[6] *See also United States v. Jackson*, 426 F.3d 301, 305 (5th Cir. 2005) (concluding that § 3624(e) tolls supervised release during imprisonment, in part, because "[s]hortening the period of supervised release reduces the amount of time a former prisoner is monitored by the system and undermines the rehabilitative goals Congress pursued in enacting § 3624").

[7] Grace asserts that the "delay" in adjudication of the supervised release petition prejudiced him, because of the alleged possibility of receiving a concurrent federal sentence with his state court sentence and the alleged effect of the detainer on the conditions of his state court imprisonment. *See* ECF No. 38-1 at 7. However, the tolling provisions of § 3624(e) apply automatically and "without exception," notwithstanding any prejudice Grace suffered by their operation. *See Contreras-Arevalo*, 150 F. App'x at 351-52 (*citing Jackson*, 426 F.3d at 304-05); *see also United States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996) (rejecting defendant's claims that delay in holding revocation hearing until after his release from state imprisonment violated § 3583(i) or caused him prejudice by denying him the possibility of a concurrent sentence).

III. Conclusion

For the reasons stated above, Grace's motion to dismiss the petition on supervised release will be denied.

12/3/13
Date

/s/ William D. Quarles, Jr.
William D. Quarles, Jr.
United States District Judge